IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BEAUFORT DEDICATED NO. 5, LTD. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-12-1923 |
| USA DAILY EXPRESS, INC. | § | |
| d/b/a Vintage Lounge, AMIR | § | |
| ANSARI, and DAVIR ANSARI, | § | |
| | § | |
| Defendants. | § | |

| | | |
|---|---|---|
| USA DAILY EXPRESS, INC. | § | |
| d/b/a Vintage Lounge, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-2415 |
| | § | |
| JOHN ANDRES and UNDERWRITERS | § | |
| AT LLOYDS, LONDON, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Both of the above-styled cases arise out of an insurance dispute. Pending before the court are the Plaintiff's Motion to Remand (Docket Entry No. 5) in Civil Action No. H-12-2415 and the Defendants' Motion to Dismiss (Docket Entry No. 5) in Civil Action No. H-12-1923. For the reasons explained below the court will grant the Plaintiff's Motion to Remand in H-12-2415 and will grant the Defendants' Motion to Dismiss in H-12-1923.

## I. Background

### A. Underlying Facts

Beaufort Dedicated No. 5, Ltd. ("Beaufort") issued an insurance policy (the "Policy") to USA Daily Express, Inc., doing business as Vintage Lounge ("Vintage"), to cover Vintage's business property in Houston, Texas.[1]  Amir Ansari and Davir Ansari are the principals of Vintage.[2]  Vintage sought recovery under the Policy after a fire damaged the insured property in the early morning of January 25, 2012.[3]  Beaufort assigned John Andres to investigate and adjust Vintage's claim.[4]   Beaufort alleges that the fire department advised that the fire was the result of a possible arson, prompting Beaufort to request the examinations under oath of Amir Ansari and Davir Ansari.[5]  Beaufort further alleges that the examinations under oath were never conducted.[6]   Vintage alleges

---

[1]Plaintiff's Original Petition ("State Court Petition, H-12-2415"), Ex. A to Defendants' Notice of Removal to Federal Court, Civil Action No. H-12-2415 ("Notice of Removal, H-12-2415"), Docket Entry No. 1-1, ¶ 7;  Complaint for Declaratory Judgment and Other Relief, H-12-1923 ("Federal Complaint, H-12-1923"), Docket Entry No. 1, ¶ 5.

[2]Federal Complaint, H-12-1923, Docket Entry No. 1, ¶ 8.

[3]State Court Petition, H-12-2415, Docket Entry No. 1-1, ¶ 8; Federal Complaint, H-12-1923, Docket Entry No. 1, ¶ 7.

[4]State Court Petition, H-12-2415, Docket Entry No. 1-1, ¶ 10; Federal Complaint, H-12-1923, Docket Entry No. 1, ¶ 8.

[5]Federal Complaint, H-12-1923, Docket Entry No. 1, ¶ 6.

[6]Federal Complaint, H-12-1923, Docket Entry No. 1, ¶ 10.

that Beaufort has not made any payments under the Policy to Vintage.[7]

## B.   Procedural History

On June 27, 2012, Beaufort filed Civil Action No. H-12-1923 in this court against Vintage, Amir Ansari, and Davir Ansari asserting diversity jurisdiction under 28 U.S.C. § 1332.[8]   Beaufort is a citizen of the United Kingdom; Vintage and the Ansaris are citizens of Texas.[9]   In Count One of the Federal Complaint Beaufort asserts a claim for breach of contract, alleging that Vintage "breached and is breaching the contract conditions contained in [the Policy] by failing to submit to an examination under oath; cooperate in the investigation of the claim; and provide pertinent information previously requested about the loss as required by the Policy."[10] Beaufort seeks to recover damages on the contract claim.[11]   In Count Two, Beaufort requests a declaratory judgment under 28 U.S.C. §§ 2201-2202 that there is "no coverage or reduced coverage under the Policy" because (1) Vintage failed to comply with the conditions of the Policy and (2) "on information and belief, the cause and origin of the fire was arson."[12]

---

[7]State Court Petition, H-12-2415, Docket Entry No. 1-1, ¶ 8.

[8]Federal Complaint, H-12-1923, Docket Entry No. 1, ¶ 3.

[9]Id. ¶¶ 1-2.

[10]Id. ¶ 14.

[11]Id. at 6, ¶ a.

[12]Id. ¶¶ 17-18.

On July 12, 2012, Vintage filed a petition against Underwriters at Lloyds, London, and John Andres in the 165th Judicial District Court of Harris County, Texas, where it was filed under Cause No. 20120-40039, bringing claims for breach of contract, breach of the common law duty of good faith and fair dealing, and violations of the Texas Insurance Code.[13]  Beaufort, asserting that it was incorrectly named as Underwriters at Lloyds, London,[14] timely removed the action to this court on August 10, 2012, where it is filed under Civil Action No. H-12-2415.[15] Beaufort contends that the court has diversity jurisdiction over this action because complete diversity exists between Vintage, a citizen of Texas, and Beaufort, a citizen of the United Kingdom.[16] Beaufort argues that defendant Andres, a citizen of Texas, is improperly joined and therefore must be disregarded for purposes of determining whether diversity jurisdiction exists.[17]

---

[13]State Court Petition, H-12-2415, Docket Entry No. 1-1, ¶¶ 12-27.

[14]Beaufort is the sole underwriter subscribing to Policy No. CLU 35931, the Policy at issue in this case.  Declaration of Lucy Sinnot, Ex. B to Notice of Removal, H-12-2415, Docket Entry No. 1-2, ¶ 2.  Beaufort transacts business at Lloyds, London, under the name of Syndicate 1318.  Id. ¶ 4.

[15]Notice of Removal, H-12-2415, Docket Entry No. 1.

[16]Id. ¶ 2.

[17]Id. ¶ 3.

## C.    Pending Motions

Vintage and the Ansaris filed a motion to dismiss Beaufort's federal complaint in Civil Action No. H-12-1923 on July 25, 2012, contending that the court should exercise its discretion to decline jurisdiction over the declaratory judgment action because state court is the more appropriate forum to resolve the dispute.[18] Beaufort responded on August 10, 2012, arguing that abstention would be improper because the declaratory judgment action is accompanied by a breach of contract claim.[19]  In their reply Vintage and the Ansaris argue that Beaufort's claim for coercive relief is illusory, leaving only the claim seeking declaratory relief, and that dismissal is therefore warranted.[20]

Following Beaufort's Notice of Removal in Civil Action No. H-12-2415, Vintage filed a motion to remand on August 31, 2012, arguing that Andres is properly joined and that diversity jurisdiction does not exist.[21]   Beaufort and Andres responded on

---

[18]Defendants' Motion to Dismiss, Civil Action No. H-12-1923 ("Motion to Dismiss, H-12-1923"), Docket Entry No. 5, ¶ 5.

[19]Plaintiff's Response to Defendants' Motion to Dismiss, Civil Action No. H-12-1923 ("Response, H-12-1923"), Docket Entry No. 6, ¶ 1.

[20]Defendants' Reply to Plaintiff's Response to Defendants' Motion to Dismiss, H-12-1923 ("Reply, H-12-1923"), Docket Entry No. 11, ¶ 6.

[21]Plaintiff's Motion to Remand, Civil Action No. H-12-2415 ("Motion to Remand, H-12-2415"), Docket Entry No. 5, ¶ 2.

September 19, 2012.[22]   Vintage replied on October 5, 2012.[23]
Beaufort and Andres filed a sur-reply on October 11, 2012.[24]

The court will first address the motion to remand in Civil
Action No. H-12-2415 and then will address the motion to dismiss in
Civil Action No. H-12-1923.

## II.   Motion to Remand - Civil Action No. H-12-2415

### A.   Removal Jurisdiction

Under 28 U.S.C. § 1441(a) any state court civil action over
which a federal court would have original jurisdiction may be
removed to federal court.   See Gasch v. Hartford Acc. & Indem. Co.,
491 F.3d 278, 281 (5th Cir. 2007).   Federal courts have original
jurisdiction over civil actions where the parties are diverse and
the amount in controversy exceeds the sum or value of $75,000,
exclusive of interest and costs.   28 U.S.C. § 1332(a).   Diversity
jurisdiction requires complete diversity, that is, "a district
court cannot exercise diversity jurisdiction if one of the
plaintiffs shares the same state citizenship as one of the

---

[22]Defendants' Response Opposing Plaintiff's Motion to Remand,
Civil Action No. H-12-2415 ("Response, H-12-2415"), Docket Entry
No. 6.

[23]Plaintiff's Reply to Defendants' Response Opposing
Plaintiff's Motion to Remand, Civil Action No. H-12-2415 ("Reply,
H-12-2415"), Docket Entry No. 9.

[24]Defendants' Sur-Reply to Plaintiff's Reply to Defendants'
Response Opposing Plaintiff's Motion to Remand, Civil Action
No. H-12-2415 ("Sur-Reply, H-12-2415"), Docket Entry No. 12.

defendants." Whalen v. Carter, 954 F.2d 1087, 1094 (5th Cir. 1992).

Removal jurisdiction depends on the plaintiff's state court pleadings at the time of removal. Pullman Co. v. Jenkins, 59 S. Ct. 347, 349 (1939); Cavallini v. State Farm Mutual Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995). The removing party bears the burden of showing that subject matter jurisdiction exists and that the removal procedure was properly followed. Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). If at any time it appears that the district court lacks subject matter jurisdiction, the case must be remanded. See 28 U.S.C. § 1447(c). Ambiguities or doubts are to be construed against removal and in favor of remand. Id.

## B.   Improper Joinder

The doctrine of improper joinder ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity. Borden v. Allstate, 589 F.3d 168, 171 (5th Cir. 2009). The court may ignore an improperly joined non-diverse defendant in determining subject matter jurisdiction. Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 572 (5th Cir. 2004) (en banc), cert. denied, 125 S. Ct. 1825 (2005).

A removing party attempting to prove improper joinder carries a heavy burden. Great Plains Trust Co. v. Morgan Stanley Dean Witter, 313 F.3d 305, 312 (5th Cir. 2002). To establish that a

non-diverse defendant has been improperly joined in order to defeat diversity jurisdiction the removing party must prove either (1) actual fraud in the pleading of jurisdictional facts or (2) an inability of the plaintiff to establish a cause of action against the non-diverse defendant in state court.  Gasch, 491 F.3d at 281 (citing Smallwood, 385 F.3d at 573).  Because Beaufort has not alleged actual fraud in the pleadings, only the second method is at issue in this case.

Under this second type of improper joinder the court must determine "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state [or non-diverse] defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state [or non-diverse] defendant."  Smallwood, 385 F.3d at 573.  Under this test a non-diverse defendant is improperly joined unless there is "arguably a reasonable basis for predicting that state law might impose liability on the facts involved."  Great Plains Trust, 313 F.3d at 312 (internal quotation marks omitted).  A reasonable basis requires more than merely a theoretical basis.  Ross v. Citifinancial, Inc., 344 F.3d 458, 461-62 (5th Cir. 2003).  The existence of a single valid cause of action against a non-diverse defendant requires remand of the entire case to state court.  Gray v. Beverly Enterprises-Mississippi, Inc., 390 F.3d 400, 412 (5th Cir. 2004); see also Whalen, 954 F.2d at 1094.

The standard for evaluating whether a reasonable basis for a claim exists for purposes of improper joinder is similar to that used in evaluating a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Campbell v. Stone, Inc., 509 F.3d 665, 669 (5th Cir. 2007). A court may also consider summary judgment-type evidence to determine whether a plaintiff has a factual basis for the claim. Id. "[W]hether the plaintiff has stated a valid cause of action depends upon and is tied to the factual fit between the plaintiff['s] allegations and the pleaded theory of recovery." Griggs v. State Farm Lloyds, 181 F.3d 694, 701 (5th Cir. 1999). Thus, a defendant can avoid remand by showing that a state court petition fails to allege "specific actionable conduct" sufficient to support a cause of action against a non-diverse defendant. See Griggs, 181 F.3d at 699. Mere formulaic recitations of violations of statutes that are not accompanied by specific allegations concerning the actions of the individual defendant are not sufficient to create a reasonable basis to predict that the plaintiff will be able to recover against the individual. Moore v. State Farm Mut. Auto. Ins. Co., 2012 WL 3929930, at *4 (S.D. Tex. Sept. 6, 2012). In deciding whether a party was improperly joined all unchallenged factual allegations, including those alleged in the petition, are taken into account in the light most favorable to the plaintiff, Smallwood, 385 F.3d at 575, and all contested factual issues and ambiguities of state law are resolved in favor of the plaintiff. Gasch, 491 F.3d at 281.

-9-

## C.   Analysis

In its motion to remand Vintage argues that subject matter jurisdiction does not exist because complete diversity is lacking. Beaufort contends that Andres was improperly joined in order to defeat diversity.  Because the burden is on the removing party to establish that a state court suit is properly removable, see Gasch, 491 F.3d at 281, to avoid remand Beaufort must show that there is no reasonable basis for the court to predict that Vintage may recover on its Texas Insurance Code claim against Andres.   See Gray, 390 F.3d at 412.

### 1.   Vintage's Allegations Against Andres

Vintage's state court petition asserts a Texas Insurance Code claim against Andres.  Before reciting the allegations comprising that cause of action Vintage alleges the following in the "Facts" section of the petition:

> 10.   Defendant Andres is an independent insurance adjuster hired . . . to investigate and adjust the claim. Accordingly, Defendant Andres is engaged in the business of insurance and subject to the requirements of the Texas Insurance Code.

> 11.   Andres inspected the damaged Property that is the subject of the claim, and Plaintiff forwarded numerous documents relevant to the claim to Andres for his review. Andres was responsible for investigating the claim . . . and was responsible for communicating with the insured regarding policy benefits and requirements. . . . Andres failed to conduct an unbiased and reasonable investigation, and he failed to fully quantify the value of Plaintiff's property losses. Additionally, Andres falsely represented that the insurer could not make any claim payments until the "local authorities have completed their investigation." . . .

Defendant Andres also falsely represented that the investigating authorities have labeled the fire as "incendiary" when in fact they have not.[25]

On the basis of these alleged facts Vintage asserts a cause of action against Andres for violations of the Texas Insurance Code § 541.060 in paragraphs 18 to 25.[26]  In paragraphs 21 and 22 Vintage restates the allegations that Andres "falsely represented to Plaintiff that Plaintiff had to wait for completion of the investigation by 'local authorities' before any policy payments would be made" and "misrepresented material facts by telling Plaintiff that the fire department considered the fire to be 'incendiary.'"[27]

2.  <u>Sufficiency of the Allegations</u>

To avoid remand Beaufort must show that there is no reasonable possibility that Vintage will be able to establish a cause of action against Andres in state court.  Beaufort does not dispute that Vintage's cause of action against Andres for violations of the Texas Insurance Code is permitted under Texas law.  <u>See</u> <u>Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.</u>, 966 S.W.2d 482, 484 (Tex. 1998); <u>Gasch</u>, 491 F.3d at 282.  Beaufort argues that Andres was improperly joined because Vintage's petition fails to allege

---

[25]State Court Petition, H-12-2415, Ex. A, Docket Entry No. 1-1, ¶¶ 10-11.

[26]<u>Id.</u> ¶¶ 18-25.

[27]<u>Id.</u> ¶¶ 21-22.

sufficient facts against Andres to support liability for violations
of the Texas Insurance Code.  The court does not agree.

Vintage's petition alleges that its property was damaged, that
Andres was tasked with adjusting the claim, and that Andres failed
to fulfill this task in the manner required by the Texas Insurance
Code.  Vintage specifically alleges that Andres "falsely repre-
sented that the insurer could not make any claim payments until the
'local authorities have completed their investigation'" and
"falsely represented that the investigating authorities have
labeled the fire as 'incendiary' when in fact they have not."[28]
Furthermore, Vintage alleges that these misrepresentations
constituted violations of Section 541.060(a)(1) of the Texas
Insurance Code, which prohibits an adjuster from "misrepresenting
to a claimant a material fact or policy provision relating to
coverage at issue."  Vintage's allegations, if proven true, would
create a reasonable possibility that Vintage could prevail on its
Texas Insurance Code claim against Andres.

The court thus concludes that there is a "factual fit" between
the allegations and the pleaded cause of action under the Texas
Insurance Code.  The court rejects Beaufort's argument that Vintage
merely offered "[c]onclusory allegations that [Andres] violated a
statute -- without asserting what [Andres] said or did in violation

---

[28] Id.  ¶¶ 10-11.

-12-

of that statute."[29]   In other words, Vintage's petition contains more than mere formulaic recitations of violations of the Insurance Code.  The state court petition contains factual support -- i.e., the specific alleged misrepresentations -- for the individual cause of action against Andres.  This case is therefore distinguishable from those in which remand has been denied because the only allegations concerning the non-diverse defendant recited essentially verbatim statutory violations.  See Moore, 2012 WL 3929930, at *4 (denying remand where petition did not include factual allegations against adjuster defendant other than those reciting violations of the statute); Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co., 2009 WL 1437837, at *3-4 (N.D. Tex. May 22, 2009) (finding that allegations that listed Insurance Code provisions and asserted that "Both Defendants" violated such provisions were "legal conclusions couched as factual allegations," and stating that the plaintiff "alleged no facts to show that [the adjuster] performed any act that could be construed as a violation of any of the aforementioned section [of the Insurance Code]").

Moreover, Beaufort has not provided summary judgment-type evidence to prove that Vintage has no reasonable possibility of recovery against Andres.  That the examinations under oath were not conducted does not destroy a reasonable possibility of recovery against Andres.  Similarly, the declaration from Andres that there

---

[29]Notice of Removal, H-12-2415, Docket Entry No. 1, ¶ 12.

was an "ongoing arson investigation"[30] does not preclude a recovery for the alleged misrepresentations. Because the court must consider all allegations in the state court petition in the light most favorable to the plaintiff, see <u>Smallwood</u>, 385 F.3d at 575, the court cannot conclude that there is no reasonable basis to predict that Vintage might recover against Andres. Civil Action No. H-12-2415 will therefore be remanded.

### III. <u>Motion to Dismiss - Civil Action No. H-12-1923</u>

Vintage argues that the federal complaint in Civil Action No. H-12-1923 should be dismissed because state court is the more appropriate forum, relying on the standards set forth in <u>Brillhart v. Excess Ins. Co. of Am.</u>, 62 S. Ct. 1173 (1942), and <u>St. Paul Ins. Co. v. Trejo</u>, 39 F.3d 585 (5th Cir. 1994).[31] Beaufort contends that the proper standard was enunciated in <u>Colorado River Conservation District v. United States</u>, 96 S. Ct. 1296 (1976), and that under <u>Colorado River</u> this case does not involve "exceptional circumstances" justifying abstention.[32] The court concludes that Vintage has the better argument.

_____

[30]Declaration of John Andres, Ex. B to Response, H-12-2415, Docket Entry No. 6-2, ¶ 11.

[31]Motion to Dismiss, H-12-1923, Docket Entry No. 5, ¶ 6; Reply, H-12-1923, Docket Entry No. 11, ¶ 6.

[32]Response, H-12-1923, Docket Entry No. 6, ¶ 15.

-14-

**A.   Abstention in the Context of a Declaratory Judgment Action**

The Declaratory Judgment Act ("DJA") grants federal courts the power to declare rights.  28 U.S.C. § 2201(a).  Under the DJA any federal court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  Id.  By its terms the DJA confers discretion on federal courts to decide whether to  exercise jurisdiction over declaratory judgment actions.   The confines of that discretion depend on whether the case falls under Brillhart or Colorado River.

1.   *Brillhart* Abstention

In Brillhart an underwriter sought a federal court declaratory judgment that its policies did not cover the liability of the insured.  62 S. Ct. at 1174.  The insured filed a motion to dismiss that suit on the ground that the issues involved could be settled in a garnishment proceeding pending in state court.  Id. at 1175. The Supreme Court emphasized the discretionary authority provided to federal district courts under the DJA:

> Although the District Court has jurisdiction of the suit under [the DJA], it was under no compulsion to exercise that jurisdiction. . . .   Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.

Id. at 1175-76.   The Court held that the district court "should ascertain whether the questions in controversy between the parties

to the federal suit, and which are not foreclosed under the applicable substantive law, can be better settled in the proceeding pending in the state court." Id. at 1176. In making this determination the district court should inquire into the "scope of the pending state court proceeding" and "consider whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc." Id.

In light of Brillhart the Fifth Circuit in Trejo articulated seven non-exclusive factors that district courts must consider in determining whether to abstain from hearing a declaratory action. 39 F.3d at 590-91; see also Gulf Ins. Co. v. Coachmen Indus., Inc., 2005 WL 1692958, at *2 n.4 ("The Trejo factors constitute the Fifth Circuit's expression of the factors set forth by the Supreme Court in Brillhart."). The Trejo factors are: (1) "whether there is a pending state action in which all of the matters in controversy may be fully litigated"; (2) "whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant"; (3) "whether the plaintiff engaged in forum shopping in bringing the suit"; (4) "whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist"; (5) whether the federal court is a convenient forum for the parties and witnesses"; (6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy"; and (7) whether the

-16-

federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending." Trejo, 39 F.3d at 590-91 (internal quotation marks omitted). Vintage urges the court to apply the Trejo factors in deciding the pending motion to dismiss.

### 2. *Colorado River* Abstention

The Supreme Court developed a different standard for abstention in a slightly different context in Colorado River, 96 S. Ct. 1236. In Colorado River the federal government sought a declaration of its water rights in certain rivers and tributaries in Colorado, but did not do so under the DJA. 96 S. Ct. at 1240. Shortly after the federal suit was commenced one of the defendants in the federal suit filed an action in state court seeking to adjudicate all of the federal government's claims in state court. Id. Finding abstention appropriate the Court pronounced that "[o]nly the clearest of justifications will warrant dismissal." Id. at 1247. The Court's analysis became known as the "exceptional circumstances" test. See Trejo, 39 F.3d at 589. Beaufort argues that dismissal is warranted only if such "exceptional circumstances" exist.

### 3. Determining Whether to Apply *Brillhart* or *Colorado River*

In Wilton v. Seven Falls Co., 115 S. Ct. 2137 (1995), the Supreme Court noted that Colorado River did not deal with an action

-17-

brought under the DJA, as did _Brillhart_.  _Id._ at 2142.  The Court
in _Wilton_ therefore held that in the declaratory judgment context
the discretionary _Brillhart_ analysis applies to a district court's
decision to dismiss an action in deference to a parallel state
proceeding.  _Id._  The Fifth Circuit has clarified that when an
action brought pursuant to the DJA involves only a declaratory
judgment action the _Brillhart_ standard applies.  _New England Ins._
_Co. v. Barnett_, 561 F.3d 392, 394 (5th Cir. 2009).  But the Fifth
Circuit has further explained that when a declaratory action also
includes a coercive claim for relief the _Colorado River_
"exceptional circumstances" test applies.  _Id._; _see also_ _Kelly_
_Inv., Inc. v. Cont'l Common Corp._, 315 F.3d 494, 497 n.4 ("[W]hen
an action contains any claim for coercive relief, the _Colorado_
_River_ abstention doctrine is ordinarily applicable.").  Requests
for attorney's fees do not constitute claims for coercive relief.
_Trent v. Nat'l City Bank of Indiana_, 145 Fed. App'x 896, 896 n.3
(5th Cir. 2005).

There are only two exceptions to the application of the
_Colorado River_ standard in this context:  "if the claims for
coercive relief are frivolous or if the claims for coercive relief
were added as a means of defeating _Brillhart_."  _Id._ at 395-96.
Vintage urges the court to apply the first exception.  If Beaufort
has stated a valid, non-frivolous claim for breach of contract, the
_Colorado River_ "exceptional circumstances" test applies.  If,
however, Beaufort's breach of contract claim fails to state a claim

-18-

upon which relief can be granted, then the court has broader discretion under Brillhart and Trejo as to whether to exercise jurisdiction. See The Philadelphia Indemnity Ins. Co. v. Stebbins Five Cos., Ltd., 2002 WL 31875596, at *5 (S.D. Tex. Dec. 20, 2002).

## B.   Analysis

The court must first determine whether the Brillhart or Colorado River standard applies in this case.  The court will then determine whether dismissal is warranted.

### 1.   *Brillhart* Applies

Vintage argues that the breach of contract action asserted in Beaufort's federal complaint in H-12-1923 is frivolous and that the discretionary Brillhart standard as expressed in the Trejo factors therefore applies.[33]  Beaufort alleges that Vintage, Amir Ansari, and Davir Ansari "breached . . . the contract conditions contained in [the Policy] by failing to submit to an examination under oath; cooperate in the investigation of the claim; and provide pertinent information previously requested about the loss as required by the Policy."[34]  Accordingly Beaufort argues that its breach of contract action is a non-frivolous claim for coercive relief and requires the application of the Colorado River test.[35]

---

[33]Reply, H-12-1923, Docket Entry No. 11, ¶ 3.

[34]Federal Complaint, H-12-1923, Docket Entry No. 1, ¶ 14.

[35]Id.

The court was confronted with similar facts and circumstances in Philadelphia Indemnity, 2002 WL 31875596.   The insurer in Philadelphia Indemnity asserted a breach of contract action against an insured, alleging that the insured had breached a condition of the insurance policy -- i.e., a cooperation clause requiring the defendants to "[c]ooperate with [the insurer] in the investigation or settlement of the claim or defense against the 'suit.'"   Id. at *5-*6.   The court noted that under Texas law such cooperation clauses are treated as conditions precedent, relieving an insurer of liability rather than creating an affirmative cause of action against the insured.   Id. at *6; see also Evanston Ins. Co. v. Tonmar, L.P., 669 F. Supp. 2d 725, 732 (N.D. Tex. 2009) ("[T]he court holds that Texas law does not recognize [the] breach of contract claim based on the alleged breach of the Policy's cooperation clause, and it dismisses the claim under Rule 12(b)(6)."); Progressive County Mut. Ins. Co. v. Trevino, 202 S.W.3d 811, 817 (Tex. Civ. App. -- San Antonio 2011, no pet.) (holding that "cooperation clause is a condition precedent to coverage").

The court concludes that the conditions in the Policy at issue in Civil Action No. H-12-1923 are conditions precedent to coverage and that a breach of those conditions does not create an affirmative cause of action.   The court therefore concludes that Beaufort's breach of contract claim does not state a claim upon which relief can be granted.   While Beaufort seeks damages in its

prayer for relief, Beaufort does so specifically in relation to the breach of contract claim.[36] The request for damages in the prayer thus does not constitute a non-frivolous claim for coercive relief. Furthermore, Beaufort's request for attorney's fees does not constitute a claim for coercive relief sufficient to defeat the application of the Brillhart standard. See Trent, 145 Fed. App'x at 896 n.3. Because Beaufort's action is thus one solely for declaratory relief, the court concludes that this case falls under Brillhart and Trejo.

### 2. Abstention Is Warranted

In determining whether to exercise jurisdiction under Brillhart and Trejo, the court must consider seven non-exclusive factors: (1) "whether there is a pending state action in which all of the matters in controversy may be fully litigated"; (2) "whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant"; (3) "whether the plaintiff engaged in forum shopping in bringing the suit"; (4) "whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist"; (5) whether the federal court is a convenient forum for the parties and witnesses"; (6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy"; and (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the

---

[36]Federal Complaint, H-12-1923, Docket Entry No. 1, p. 6, ¶ a.

court before whom the parallel state suit between the same parties
is pending." Trejo, 39 F.3d at 590-91 (internal quotation marks
omitted).

            (a)   Full Litigation in State Court

     With respect to the first factor the declaratory judgment
action raises only issues of state law, and the state court
petition in Civil Action No. H-12-2415 raises those same issues.
The Fifth Circuit has stated that "if the federal declaratory
judgment action raises only issues of state law and a state case
involving the same state law issues is pending, generally the state
court should decide the case and the federal court should exercise
its jurisdiction to dismiss the federal suit." Sherwin-Williams
Co. v. Holmes County, 343 F.3d 383, 390-91 (5th Cir. 2003). The
state court is competent not only to resolve the issues of state
law, but also to award any declaratory relief sought by Beaufort.
Furthermore, the fact that the state court action involved in Civil
Action No. H-12-2415 was not pending when Beaufort filed its
federal complaint does not weigh against dismissal. See Am.
Bankers Life Ass. Co. of Fla. v. Overton, 128 Fed. App'x 399, 403
(5th Cir. 2005) ("We find no indication from case law that the
'first-to-file' rule plays a part in the circumstance that we face
today -- two actions pending, but one is in state court and the
other in federal court."). Since the court will remand Civil
Action No. H-12-2415, there will be a pending state action where

all of the matters in controversy may be fully litigated.  The court concludes that the first factor strongly supports dismissal.

### (b)   Anticipation of Litigation and Forum Shopping

Evidence that a plaintiff filed a declaratory judgment action in federal court in anticipation of a defendant's state court suit or as a means of forum shopping may buttress a defendant's motion to dismiss.  Vintage points to several factors indicating that Beaufort filed the present action in anticipation of litigation by Vintage and as a method of forum shopping.  Vintage attached a letter from Beaufort's counsel, dated June 25, 2012, in which Beaufort's counsel stated her understanding that Vintage was "going to try and determine whether or not suit will be filed."[37]  Vintage argues that Beaufort's filing of its federal complaint on June 27, 2012, suggests that the declaratory judgment action was instituted in anticipation of Vintage's state court suit.[38]  Beaufort rightly asserts that there was "no way for Beaufort to predict with any certainty that [Vintage] would file suit in state court,"[39] but certainty that Vintage would pursue litigation is not required. The court finds that the second factor -- whether the plaintiff

---

[37]Letter from April F. Robbins regarding Vintage Insurance Claim, Ex. B to Motion to Dismiss, H-12-1923, Docket Entry No. 5-2.

[38]Motion to Dismiss, H-12-1923, Docket Entry No. 5, ¶ 12.

[39]Response, H-12-1923, Docket Entry No. 6, ¶ 31.

-23-

filed suit in anticipation of a lawsuit filed by the defendant --
weighs in favor of dismissal.

But Beaufort was entitled to choose a federal forum given that
complete diversity exists in Civil Action No. H-12-1923.  Moreover,
there is no evidence that Beaufort brought its declaratory judgment
action "in search of more favorable law," see Sherwin-Williams, 343
F.3d at 399, since Texas law applies to all substantive disputes
between the parties.  Therefore, the court finds that Beaufort was
not engaged in forum-shopping by filing the declaratory judgment
action in federal court.   The third factor weighs against
dismissal.

### (c)  Possible Inequities

Vintage contends that inequities would result if the court
exercises jurisdiction over this action because Vintage might "be
forced to take the depositions of [Beaufort's] corporate
representatives in a remote state under the Federal Rules of Civil
Procedure."[40]  The court is not persuaded and finds that the fourth
factor counsels against abstention because Vintage would not be
subjected to any inequities by litigating in federal court.

### (d)  Convenient Forum

The fifth factor requires the court to consider whether
federal court is a convenient forum for the parties.  Vintage and

---

[40]Motion to Dismiss, H-12-1923, Docket Entry No. 5, ¶ 18.

Beaufort agree that this factor is neutral.  The court therefore
finds that because both the state court action and the federal
action are pending in Houston, Texas, this factor is neutral.

(e)  Judicial Economy

Vintage argues that judicial economy would be served if the
court abstains from exercising jurisdiction over Civil Action
No. H-12-1923 because Andres is a necessary party for fair
adjudication and because parallel proceedings would possibly
produce duplicative and inconsistent rulings.[41]  Since the court
will remand Civil Action No. H-12-2415, Vintage will proceed with
its action against Beaufort and Andres in state court.  The court
agrees that judicial economy would be best served by allowing the
full dispute between Beaufort and Vintage to be resolved in one
court.  The court concludes that the sixth factor supports
dismissal.

(f)  Federal Construction of a State Judicial Decree

The parties agree that the seventh factor is neutral because
the court is not being called on to construe a state judicial
decree that involves the same parties and was entered into by the
court before whom the parallel state suit between the same parties
is pending.  The court concludes that the seventh factor is
therefore neutral.

---

[41]Id. ¶ 21.

(g) Conclusion

Under the <u>Trejo</u> analysis three of the seven factors weigh heavily in favor of dismissal, two are neutral, and two weakly support the exercise of jurisdiction. None of the factors is dispositive. But, importantly, (1) the issues in this case may be fully resolved in state court, (2) Beaufort filed the declaratory judgment action in anticipation of litigation in state court, and (3) judicial economy would be best served by allowing a state court to preside over the entire dispute. Dismissal of this action is therefore warranted.

## IV. Conclusion and Order

The court concludes that Beaufort has not met its burden to show that there is no reasonable basis to predict that Vintage might be able to recover under the Texas Insurance Code against Andres. Complete diversity is therefore lacking, and Civil Action No. H-12-2415 must be remanded for lack of subject matter jurisdiction. Accordingly, Vintage's Motion to Remand in Civil Action No. H-12-2415 (Docket Entry No. 5) is **GRANTED.** Civil Action No. H-12-2415 is **REMANDED** to the 165th Judicial District Court of Harris County, Texas. The clerk of court is directed to promptly send a copy of this Memorandum Opinion and Order of remand to the District Clerk of Harris County, Texas.

The court also concludes that pursuant to <u>Brillhart v. Excess Ins. Co. of America</u>, 62 S. Ct. 1173 (1942), and <u>St. Paul Ins. Co.</u>

v. Trejo, 39 F.3d 585 (5th Cir. 1994), abstention in Civil Action No. H-12-1923 is appropriate. Therefore, Vintage, Amir Ansari, and Davir Ansari's Motion to Dismiss in Civil Action No. H-12-1923 (Docket Entry No. 5) is **GRANTED**. Civil Action No. H-12-1923 will be dismissed in a separate judgment.

**SIGNED** at Houston, Texas, on this 18th day of December, 2012.

SIM LAKE
UNITED STATES DISTRICT JUDGE